# LAW OFFICES OF KENNETH J. KAPLAN, P.C.
260 MADISON AVENUE
16TH FLOOR
NEW YORK, N.Y. 10016
TEL. (212) 750-3100   FAX: (212) 448-0066
EMAIL: kjkaplan@kjkaplanlaw.com   WEB: www.kjkaplanlaw.com

December 22, 2020

<u>FILED ELECTRONICALLY</u>

Hon. Denis R. Hurley
United States District Judge
United States District Court for the Eastern District of New York
100 Federal Plaza
Central Islip, NY  11722

      Re: United States v. Frances Cabasso et al.
        <u>19-CR-582 (DRH)</u>

Dear Judge Hurley,

I am writing this response in opposition to the letter application submitted to the Court by attorney Duncan Levin requesting an "immediate interlocutory sale" at auction of a "Seized Yacht" in which my client, Frances Cabasso, a defendant in the above captioned case, has a 50% ownership interest. Said yacht is presently being held by the government, pending resolution of the forfeiture claims alleged in the indictment of the above matter.

Mr. Levin correctly states that his client, Petitioner Dr. Eric Weinstein ("Petitioner"), through his corporation, holds a 50% ownership interest in the yacht, and that Ms. Cabasso, though another corporate entity, holds the remaining 50% interest. Indeed, both Dr. Weinstein and Ms. Cabasso are "innocent owners" of the vessel in question. Accordingly, Ms. Cabasso objects to any forced "interlocutory sale" as a violation of her Fifth Amendment rights under the Constitution as an unlawful taking of property without due process of law.

Petitioner Weinstein's recitation of the factual matters relating to the yacht do not accurately reflect either the history of this matter, or the actual condition of the yacht. Both Dr. Weinstein and Ms. Cabasso, through their corporate entities, were equally responsible for the ongoing expenses of the yacht, which was used as part of a chartering business. When the yacht was seized by the government in 2019, it had just undergone an inspection and its engines and hull were in excellent condition. Petitioner's claim that it was in need of $165,00 in repairs is false. Upon information and belief, the yacht is presently in dry dock in the custody of the U.S. Government. Neither Dr. Weinstein or Ms. Cabasso are expending funds for maintenance and storage. Since the vessel is some 15 years old, there is minimal depreciation in value year to year

for a yacht that age. Nor should there be any "deterioration" while in dry dock. Before the seizure, the overall condition of the yacht was excellent, and it was professionally maintained, so its' value would be based primarily on size, engine hours, and condition.

Since the government does not agree it is appropriate to determine if Petitioner is an innocent owner at this time, he seeks an interlocutory sale by auction of the subject vessel, with the proceeds to be held in escrow.

An auction is to be contrasted with a "professional" sale, with engine tests, vessel surveys, surveyor inspections, sea trials, review of vessel history and maintenance records, and proper marketing. We submit that a "liquidation" sale" at auction would bring the lowest possible return, further exacerbated now, in the midst of a pandemic, causing irreparable financial harm to Ms. Cabasso.

In support of Petitioner's application for an interlocutory sale, his counsel cites a number of cases. Not only are all these cases inapposite to the instant matter, in each of those cited cases the criminal defendants had already been convicted, either by plea or trial, and usually involving a forfeiture order granted by the court. Here, Ms. Cabasso retains her presumption of innocence in the criminal case. Thus, her Fifth Amendment Due Process rights would be violated by the proposed sale. Furthermore, Petitioner would not receive return of the yacht, but only half of the funds, which would be held in escrow pending the resolution of the criminal case. This is not a case in which the expenses in maintaining the seized property, (such as horses), would be so "excessive" as to be "disproportionate" to their market value. See, *U.S. v King, 2010WL4739791*, (S.D.N.Y. 2010). In fact, Petitioner does not bear the costs of expenses in maintaining the yacht while it is in government custody.

Accordingly, the Court should deny petitioner's request for a forced interlocutory sale in all respects.

Respectfully submitted,

*[signature]*

Kenneth J. Kaplan

cc: All parties (by ECF)