BGK:CSK
F# 2018R01047

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,

                                                               Case No. 19-CR-582 (DRH)

- against -

FRANCES CABASSO, et. al.

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE GOVERNMENT'S MOTION FOR INTERLOCUTORY SALE OF PROPERTY

                                        SETH DuCHARME
                                        Acting United States Attorney
                                        Eastern District of New York
                                        271 Cadman Plaza East
                                        Brooklyn, New York 11201

CLAIRE S. KEDESHIAN
Assistant U.S. Attorney
(Of Counsel)

# PRELIMINARY STATEMENT

The United States of America submits this reply memorandum of law in response to defendant Frances Cabasso's opposition to the government's motion for interlocutory sale, dated February 15, 2021 ("the Defendant's Opposition"). For the reasons set forth below, the cases cited in the Defendant's Opposition are distinguishable from the fact pattern in the present case. As such, the government respectfully submits that notwithstanding defendant's arguments, it has met the requirements of F. R. Crim. P. 32.2(b)(7) and Supplemental Rule G(7)(b). Accordingly, the Court should grant the government's motion for interlocutory sale and enter the proposed Order of Interlocutory Sale over the defendant's objection for the reasons set forth herein and as well as the reasons previously set forth in the government's initial motion papers, dated January 15, 2021 and February 1, 2021 (Docket Entry Nos. 167 and 168).

# DEFENDANT'S LEGAL ARGUMENTS ARE WITHOUT MERIT

As a threshold matter, defendant's argument that her Fifth Amendment rights are somehow implicated and/or violated by the interlocutory sale of an approximately seventy-foot luxury recreational yacht named "Tranquilo," registered in the name of the Aventura Group, Inc., an entity owned and controlled by the defendant Frances Cabasso, bearing hull identification number XAX68S47C606, and Coast Guard Number 1194245, which was seized on November 7, 2019 pursuant to a court-authorized seizure warrant ("the Yacht"), is without legal merit. The fundamental flaw with defendant's argument is that the Supreme Court has expressly held that forfeiture of property involved in criminal activity is not a taking under the Fifth Amendment of the United States Constitution. See Bennis v. Michigan, 516 U.S. 442, 452, 116 S.Ct. 994, 1001 (1996); United State v. All Right, Title and Interest in 479 Tamarind Drive, 2012 WL 3886698 at

\* 3 (S.D.N.Y. Sept. 7, 2012) (in connection with the interlocutory sale of forfeitable property, claimant's Fifth Amendment violation claim was rejected as being without merit and holding that the Takings Clause does not operate outside the eminent domain context); In Re 650 Fifth Avenue and Related Properties, 777 F. Supp. 529, 576 (S.D.N.Y 2011) (cases cited therein omitted). The government's pending motion for interlocutory sale of the Yacht is merely intended to preserve this forfeitable asset's value during the pendency of this ongoing criminal case. Therefore, the defendant's Fifth Amendment argument is not supported by the relevant case law and she has not provided any legal authority to contrary.

Furthermore, the cases the defendant did cite in support of Defendant's Opposition, United States v.Esposito, 970 F.2d 1156 (2d Cir. 1992); United States v. Maye, 2011 WL 253302 (W.D.N.Y. June 2011); and United States v. 65441 Snai-A-Barr-Road, et. al., 2019 WL 1255278 (D. Kan. March 19, 2019) are distinguishable from the facts and circumstances in the present case. For example, in United States v. Esposito, 970 F.2d 1156 (2d Cir. 1992), the Second Circuit reversed and remanded to the district court an interlocutory sale decision regarding a defendant and his non-defendant wife's residence because the district court failed to make any factual findings nor mention any of the Rule G(7)(b) factors in its decision. Id. at 1160. Yet, defendant attempts to rely on Esposito for the proposition that the declarations submitted by the government in the present case are somehow inadequate. While in Esposito, the Second Circuit appears to have been critical of the declarations submitted by the government (and the claimant) as conclusory and hearsay, id. at 1161, here the declarations submitted by the government detail the monthly maintenance, storage, costs and expenses incurred by the United States Marshals Service (USMS) for the Yacht since it was seized in November 2019, and relied

on a recent professional appraisal for the Yacht relating to the fair market value of the Yacht. See USMS Declarations at Docket Entry Nos. 167-1 and 168-2. Defendant's argument is further unwarranted as at least one other court has expressly relied upon the declaration of a USMS asset management specialist, regarding costs and attesting to an outside valuation, when it decided to grant a motion for interlocutory sale of a vessel. See United States v. One 2005 Lagoon 440 Sailing Catamaran, 2017 WL 10573808 at * 1-2 (C. D. Calif. Sept. 27, 2017).

The Defendant's Opposition also attempts to rely on United States v. Maye, 2011 WL 2533020 (W.D.N.Y. June 24, 2011) for the proposition that continued diminution in the value and increased storage costs would be negligible compared to the current value and costs and depreciation. In Maye, a United States Magistrate Judge denied the government's motion for interlocutory sale of two vehicles without prejudice to renew. Id. at * 2. In that case, the court balanced the "significant sentimental value" the vehicles had to the defendant against the continued depreciation and costs that had been incurred as well as the fact that a trial in the case was likely to occur within the next several months. Id. * 1. Apart from the continuing depreciation and costs factor, the other factors the Maye court considered are significantly distinguishable from the present case. In striking contrast to Maye, here no criminal trial date has yet been set and the defendant has not claimed any particular attachment to the Yacht at issue.

The Defendant's Opposition also relies on United States v. 65441 Snai-A-Barr Road, et. al., 2019 WL 1255278 (D. Kan. March 19, 2019) in support of her position that the expenses in maintaining the Yacht would not be excessive or disproportionate to its fair market value. However, in that case, the district court granted the government's motion for interlocutory sale of a piece of real property and multiple vehicles. In 65441 Snai-A-Barr Road, the district

court found that the absence of a trial date and the fact that storage costs had amounted to at least 10%, and that those storage costs were going to continue to increase and accrue, warranted granting the motion for interlocutory sale. Id. at * 3. Similar to this case, no criminal trial date has yet been set and the maintenance and storage costs and expenses incurred by the USMS through December 2020 represent 9% of the professionally appraised value of the Yacht, with maintenance, storage costs and expenses continuing to accrue. See USMS Bridges Declaration (Docket Entry No. 168-1) at ¶¶ 12-13; USMS Crennan Declaration (Docket Entry No. 167-1) at ¶ 8.

Accordingly, the cases cited in the Defendant's Opposition are distinguishable from the facts and circumstances in the present case.

### THE COURT SHOULD GRANT THE GOVERNMENT'S PENDING MOTION NOTWITHSTANDING THE DEFENDANT'S OPPOSITION

Defendant's attempt to challenge the government's valuation and the ongoing expenses incurred by the USMS to maintain the Yacht after the court-authorized seizure should be rejected by this Court for the following reasons.

First, without providing any substantiation, the defendant sets forth in the Defendant's Opposition a self-serving statement that, pre-dating the time the Yacht was seized by the USMS, it had had undergone an inspection and that inspection found its engines and hull to be in excellent condition. See Defendant's Opposition at p. 3. However and more relevant, at the time of seizure, the Yacht was not found in that condition as described in the Defendant's Opposition. As set forth in previous government filings, the Yacht was in need of repair it when it was seized in November 2019. See USMS Bridges Declaration (Docket Entry No. 168-2) at

¶ 3. Further, potential third party petitioners, who also support an interlocutory sale of the Yacht, have also suggested that significant repairs to the Yacht were needed at the time it was seized. See Docket Entry No. 163 at p. 3; Government Memorandum of Law (Docket Entry No. 167-3) at p. 12 and n. 2.

Second, the defendant fails to submit a professional appraisal of her own to discredit the appraisal obtained by the USMS from a professional appraiser. The defendant's reliance on an internet blog posting and alike do not change the fact that in an eight month period the Yacht had depreciated $24,000 in value since the time of seizure. See Government's Memorandum of Law (Docket Entry No. 167-2) at pp. 7-8; This alone satisfies Rule G(7)(b)(i)(A) in favor of an interlocutory sale.

Finally, the defendant appears to suggest that there may be places where the Yacht could be stored at cheaper rates. However, there are certain policies, rules and regulations that the USMS is bound by in securing any asset, including certain safety, security, and other requirements for such a valuable luxury asset. See 28 C.F.R. § 0.111(i) (providing the United States Marshals Service broad discretion in connection with the maintenance of custody, management control, and disposal of property and money seized or forfeited pursuant to any law enforced or administered by the Department of Justice, when the property is seized by the U.S. Marshals Service or delivered to the U.S. Marshals Service in accordance with regulations). Defendant has failed to cite to any legal authority in support of her position and, in fact, does not have any authority to choose where or how the USMS is to exercise its obligations regarding maintaining potentially forfeitable assets pursuant to applicable laws, rules and regulations.

CONCLUSION

The Yacht has depreciated in value and maintenance, storage costs and expenses for the Yacht will continue to accrue until the conclusion of this criminal case which, in turn, will impact and diminish the net value of the Yacht. See Rule (G)(7)(b)(i)(B). An interlocutory sale of the Yacht, so that the net proceeds can be deposited and available for potential forfeiture, is the best and most reasonable manner of handling this forfeitable asset, which continues to accrue maintenance and storage costs and expenses, until the conclusion of this criminal case. See Rule G(7)(b)(i)(D). Therefore, the government respectfully submits that it has met the requirements of Fed. R. Crim. P. 32.2 (b)(7) and Supplemental Rule G(7)(b)(i)(A), (B), or (D).

Accordingly, defendant's opposition to the interlocutory sale is unwarranted and should be rejected by this Court. An interlocutory sale of the Yacht is appropriate under F. R. Crim. P. 32.2(b)(7) and Supplemental Rule G(7)(b) in order to protect its value for potential forfeiture at the conclusion of these criminal proceedings. For all of the foregoing reasons, as well as the reasons previously set forth in the government's motion papers (Docket Entry Nos. 167 and 168), the Court should grant the government's motion and authorize the interlocutory sale of the Yacht in accordance with F. R. Crim. P. Rule 32.2(b)(7) and Supplemental Rule G(7)(b).

Dated:    Brooklyn, New York
            February 22, 2021

SETH DUCHARME
Acting United States Attorney
Eastern District of New York
/s/    271 Cadman Plaza East, 7th Floor
Claire S. Kedeshian    Brooklyn, New York 11201
Assistant United States Attorney
(Of Counsel)