

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

DMP:ICR/AFM/KCB
F. #2018R01047

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

March 16, 2021

By ECF and Email

The Honorable Denis R. Hurley
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:    United States v. Jack Cabasso et al.
                  Criminal Docket No. 19-582 (DRH)

Dear Judge Hurley:

      The government submits this status update in advance of the telephonic status conference scheduled for March 18, 2021 at 2:30 p.m., to apprise the Court of the progress made in producing discovery to the defense thus far, and to briefly correct inaccuracies in the separate status letter filed by defendant Alan Schwartz on March 11, 2021 (Dkt No. 181).

    I.    Status Update

      Since the last status conference in this case on December 18, 2020, the government has produced in discovery approximately 384,000 pages of documents, including seized emails, government records and documents obtained from third parties. In addition, on March 11, 2021, the government produced to defendant Aventura Technologies the entirety of the corporate email seized from Aventura's two email providers.

      These productions bring to 3.8 million pages the government's total volume of discovery produced, not counting the government's return of seized data to various defendants who have requested it. Many of the productions have been made in duplicate, at the request of the defense, because the government's centralized document processing facility exports documents only in an industry-standard format that the defense prefers not to receive. As detailed further below, those productions must be converted in-house at the U.S. Attorney's Office, which is a time-consuming process.

On February 11, 2021, Richard Willstatter, counsel to defendant Alan Schwartz, notified the government that one such conversion had gone awry, and the converted production did not contain the files that were in the original. The government immediately began the process of redoing the conversion and, at its own expense, made available corrected copies within three weeks of receiving notice from Mr. Willstatter.

In addition, the government notes that it is in plea negotiations with multiple defendants in this case.

II.     Response to Schwartz Letter

The government separately wishes to briefly respond to the letter submitted by Mr. Willstatter to the Court on behalf of defendant Alan Schwartz.

As a general matter, the government notes that Mr. Willstatter is not seeking any relief from the Court. The bottom line of his submission appears to be that Mr. Schwartz's lawyers have gotten everything they have asked for, in the format they demanded, and are busy reviewing discovery. See Ltr. at 3 ("It will take us months to review the discovery we have received."). But two aspects of the letter warrant further response:

First, the letter raises complaints, not about the timing of the production of discovery, but about the timing of the government's re-production of that discovery to defense counsel in the defendants' preferred format, which the government is providing as a courtesy to the defendants.

The government typically provides email and other data stored in its databases in a format that includes what is known as a "load file." Load file productions are the only output format supported by the government's centralized email processing facility, because they are the industry standard for large productions of electronic data.[1] The defense prefers a different format, and the government has accommodated the defense by converting each of its productions to the preferred defense format. But these productions must first be created as load files and then converted in-house, within the U.S. Attorney's Office, to the defense's preferred format. The process of doing so is difficult and time-consuming. The government is willing to accommodate the defense in this respect, but it should be noted that the resulting delay reflects our efforts to meet their demand for a customized production.

---

[1] See, e.g., Sexton v. Lecavalier, 11 F. Supp. 3d 439, 442 (S.D.N.Y. 2014) (discussing load files as adequate substitute for native files); In re Zyprexa Prod. Liab. Litig., No. MDL 1596, 2004 WL 3520246, at *1 (E.D.N.Y. July 22, 2004) (case management order directing defendant to produce load files to plaintiffs, "which load file shall facilitate the use of the produced images by a document management or litigation support system"); QED, LLC v. Faber Daeufer & Itrato, P.C., No. 20CV2767VECSLC, 2020 WL 5642256, at *3 (S.D.N.Y. Sept. 22, 2020) (so-ordering subpoena directing production of load files).

Second, the letter raises issues with the government's production of data from Aventura's corporate email providers that Mr. Willstatter has purportedly been seeking "since last summer." Ltr. at 1-2. The government's responses on this point are as follows:

- Mr. Schwartz, despite his counsel's having written this letter, is not entitled to the data in question. The data consists of the contents of 36 corporate email accounts belonging to Aventura, held at two different email providers between 2007 and 2018. Aventura's counsel requested the return of this data pursuant to a provision of Federal Rule of Criminal Procedure 16 entitling a defendant to items that were "obtained from or belong[] to the defendant." Fed. R. Crim. P. 16(a)(1)(E)(iii). The emails belonged to Aventura, not to Mr. Schwartz, and the government has provided them to Aventura.

- Mr. Willstatter generally complains about the timeliness with which Aventura's corporate email data was returned. But as he concedes in passing, the data was first provided to Aventura's counsel in December—three months before Mr. Willstatter filed this letter. The ensuing delay reflects the government's efforts to accommodate Aventura by recopying the data to a different drive at Aventura's request.

- Mr. Willstatter's assertion that "[t]he data seized from Rackspace US, Inc. pursuant to a search warrant has not been produced" is incorrect. Ltr. at n. 1. That data is contained on the drive that was produced on March 10, 2021.

- Finally, as context, it bears noting that the relevant portions of the data that Mr. Willstatter is discussing are duplicated by information that the government has already provided in discovery. That is because the government has spent the last year diligently combing through the emails seized from Microsoft and Rackspace—the same data whose return Mr. Willstatter now demands—for information responsive to search warrants, and has produced, to date, nearly two million pages of seized email. Aventura's request that the government return Aventura's unfiltered seized email data amounts to asking for the chaff, after the government has already provided the wheat.

In short, the government is attentive to its discovery obligations and is working hard to meet them.

<pre>
                                        Respectfully submitted,

                                        SETH D. DuCHARME
                                        Acting United States Attorney

                                By:     /s/_____
                                        Ian Richardson
                                        Alexander Mindlin
                                        Kayla Bensing
                                        Assistant U.S. Attorneys
                                        (718) 254-7000

cc:     Clerk of Court (DRH) (by ECF and E-mail)
</pre>